DREGER, Appellant, vs. BUDDE and another, Respondents.

*November 8—November 26, 1907.*

*Justices' courts: Pleading: Title to land: Failure to give bond and remove case: Effect on trial* de novo *on appeal: Witnesses: Competency: Transaction with person since deceased: Limitation of actions: Adverse possession: Evidence: Sufficiency: Appeal: Prejudicial error: Deferred ruling on demurrer.*

1. Where, in an action in justice's court, title to land was put in issue by a pleading, and there was failure to give the bond required by sec. 3620, Stats. (1898), and to procure the removal of the cause to the circuit court, on a trial *de novo* on appeal from a judgment in such action it is not error to receive evidence of adverse possession and submit the issue of title to the jury.
2. Where the subject of inquiry from plaintiff's witness through whom plaintiff traced title related to the question of title to land and pertained to communications with persons then deceased from whom the opposite party derived title or sustained some liability to the cause of action, the witness is incompetent under sec. 4069, Stats. (1898).
3. In an action involving the title to a strip of land, evidence that defendant's predecessor in title and possession occupied the strip for more than twenty years, had cleared parts of it and cultivated portions, and treated a line fence as the division line between his own and plaintiff's farm, establishes such open and notorious occupancy of the strip as to be adverse to the whole world, and, when continued for twenty years, such as ripened into an absolute title.

4. In an action brought in justice's court a demurrer was inter-
posed to counterclaims. After the cause had been appealed to
the circuit court the demurrer was not disposed of before
the case was called for trial, and the issues thus raised, while
brought to the court's attention at the trial, were not passed
upon until after a special verdict, when the court ruled that
no issue raised by the counterclaims was properly in the case,
and changed the answer to the question in the special verdict
which was based on the counterclaims. The evidence on the
counterclaims was distinct from that bearing on issues of
fact establishing title to land, which was the real issue in the
case. *Held*, that there was nothing in the conduct of the trial
court that could have operated to mislead the jury upon the
other issues raised by the complaint and answer and actually
determined by the jury.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Plaintiff is the owner of a farm situate in Dane county.
One of the defendants is the owner and the other defendant
is tenant of a farm adjoining that of plaintiff. About August
20, 1905, plaintiff had made a survey of his premises, accord-
ing to which the line fence between the farms was on his land
about two rods. He took down the old fence and set it on
the line as located by this new survey. About September 1,
1905, defendants took down the fence so located by the plaint-
iff and rebuilt it on the line of the old fence. The complaint
alleges ownership in fee in the plaintiff and his grantors of
the quarter-section described and claimed by him and them
for more than thirty years, and alleges damages, by reason
of the acts of the defendants in rebuilding the fence on the
old fence line, in the sum of $175. The answer alleges own-
ership of the adjoining quarter-section belonging to the de-
fendant and possession by her and her grantors for more than
forty years; that the line on which the old fence stood was the
boundary established by the United States government survey
and that this had been relied upon as the dividing line by
the owners, and that the land had been so occupied by her and
her grantors for more than forty years. Two counterclaims

are pleaded—one in behalf of the owner for damages done by the plaintiff in entering upon and injuring her property, and the other in behalf of the tenant for injury to the crops growing on the strip in dispute. Adverse possession of the strip by the defendant and her predecessors is also alleged as a defense. The action was commenced in justice's court, and plaintiff therein demurred to the counterclaims of the defendants, for the reason that the causes of action therein stated did not arise out of the transaction set forth in the complaint as the cause of action. The defendants' answers raised the issue of title to the land in question, but they failed to give the bond required by statute to entitle them to have the case sent to the circuit court without trial. A trial was had and the case was then appealed to the circuit court. After the action had been appealed to the circuit court the demurrer to the counterclaims was not disposed of before the case was called for trial. The issues raised by the demurrer were brought to the court's attention at the trial, but not passed upon until after verdict. Testimony of adverse possession was received over plaintiff's objection. At the conclusion of the testimony defendants moved for the direction of a verdict in their favor and the plaintiff moved for a verdict as follows: First, that the plaintiff was entitled to the strip of land in question; and, second, that the only question for the jury to determine was the amount of the plaintiff's damages. The motions were denied. A special verdict was returned by the jury, which found that the line established by the surveyor employed by the plaintiff was the true line dividing the two tracts of land; that the defendants or their predecessors in title had been in uninterrupted, open, adverse, and exclusive possession under claim of title to the strip of land in dispute for a period of more than twenty years; that the plaintiff, if entitled to recover damages, was entitled to $15; that the tenant defendant had suffered no damages; and that if the owner defendant was en-

titled to damages her damages should be assessed at $5. Plaintiff moved that the special verdict be changed so as to find that the defendants had not been in possession of the strip in dispute under claim of title for more than twenty years, and to change the answer to the question assessing the damages of the defendant owner, if she was entitled to recover, so as to find none; and the defendant moved that the answer to the question finding that the line established by the surveyor employed by the plaintiff was the true line should be so changed as to find that it was not the true line, and to change the answer to the question finding no damages for the tenant owner so as to find that he should recover $68 in case he was entitled to damages. The court denied the motions except the one regarding the amount assessed by the jury as the defendant owner's damages in case she should be entitled thereto, and also held that defendants did not have the right to interpose the counterclaims and that the demurrers thereto should have been sustained. The motion to change the answer to the question assessing the owner defendant's damages was granted so as to find none. The court denied a motion for a new trial and granted a motion for judgment on the verdict, dismissing the complaint, and for costs and disbursements. This is an appeal from the judgment.

*F. K. Shuttleworth,* for the appellant.

*Emerson Ela,* for the respondents.

Siebecker, J. It is averred that the court erred in receiving evidence of adverse possession and submitting the trial of title to the jury, because the defendants failed to give the bond required by sec. 3620, Stats. (1898), when the title to the strip in question was put in issue by the pleading in the justice's court. The record shows that the case was appealed to the circuit court and tried *de novo* therein, pursuant to sec. 3768, Stats. (1898), on the pleadings as orig-

inally filed in justice's court. The right to try the title to the disputed strip in the circuit court upon the pleadings in the case as they stood in justice's court is established in *State v. Preston,* 34 Wis. 675. The rule is well recognized that the circuit court may on appeal from justice's court permit amendment of the pleadings to raise the issue of title to land the same as if the action had been originally brought in such court, or to try the title if the pleadings in justice's court present such an issue; hence the ruling of the circuit court on this point must be affirmed.

The evidence of the witnesses Shuman and *Dreger* was rejected as incompetent under sec. 4069, Stats. (1898). Under this section persons from, through, or under whom a party derives his interest or title are precluded from giving evidence of any transaction or communication with a deceased person in a cause of action wherein the opposite party derives his title or sustains his liability to the cause of action from, through, or under such deceased person. The record is not clear as to what fact was the subject of inquiry from the witnesses, but so far as disclosed it seems to have related to the question of title to the strip, and to have pertained to communications with persons now deceased from whom the opposite party derived title or sustained some liability to the cause of action. This brings it within the prohibitions of this section.

It is contended that the evidence is undisputed that Carl Budde, defendants' predecessor in title and possession, never claimed or occupied the strip in question as his land. The proof is clear that he and other owners of the land had occupied the strip for more than twenty years, had cleared parts of it and cultivated portions, and treated the line fence as the division line between the farms. These facts and circumstances are but slightly contradicted in the case. From this the inference is well-nigh irresistible that such open and notorious occupancy of the strip was adverse as to all the

world and at the expiration of twenty years ripened into an absolute title.

It is claimed that the court's action in not disposing of the demurrer to defendants' counterclaims, and in receiving the testimony bearing thereon, operated to plaintiff's prejudice by misleading the jury as to the issues for trial upon the complaint and answers. The court, however, finally ruled that no issue raised by the counterclaims was properly in the case, and changed the answer to the question in the special verdict which was based on the counterclaims. The evidence on the counterclaims was distinct from the evidence bearing on the issues of fact establishing title, which was the real issue in the case. We perceive nothing in the conduct of the trial court that could have operated to mislead the jury in passing upon the other issues raised by the complaint and answers and actually determined by them.

We find no prejudicial error in the record.

*By the Court.*—Judgment affirmed.